# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **WORLDCLEAR LIMITED,**<br><br>Plaintiff,<br><br>vs.<br><br>**AKIRIX, LLC,**<br><br>Defendant, | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:17CV00155DAKEJF<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff Worldclear Limited's Motion to Amend Complaint and Defendant Akirix, LLC's Motion to Dismiss. The court does not believe that a hearing would significantly aid in its determination of these motions. Having fully considered the motions, memoranda, and exhibits submitted by the parties and the facts and law relevant to these motions, the court issues the following Memorandum Decision and Order.

## BACKGROUND

Worldclear brought this action relating to an alleged withholding of Worldclear's funds against Akirix. Worldclear's original Complaint asserted causes of action for breach of fiduciary duty, breach of contract, unjust enrichment, conversion, fraud in the inducement, fraud, conspiracy to defraud, and accounting/constructive trust. Akirix filed a Motion to Dismiss on October 31, 2017. Worldclear filed the present Motion to Amend on December 11, 2017. Since the statutorily required 21-day limit to amend as a matter of course has passed, Worldclear requests leave to amend.

Worldclear's proposed Amended Complaint seeks to remove five causes of action alleging conversion, fraud in the inducement, fraud, conspiracy to defraud, and accounting/constructive trust. In addition to removing causes of action, Worldclear also seeks to address the factual deficiencies alleged by Akirix in its Motion to Dismiss.

**DISCUSSION**

Worldclear requests leave to amend the complaint to focus on contractual and related equitable issues. Akirix opposes Worldclear's Motion to Amend because Akirix claims that the proposed amendments would be futile. Rule 15 governs the amendment of pleadings and states that when leave of court is necessary "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Courts have held that refusing leave to amend is rare and generally only justified upon a "showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). The "court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *Bauchman v. West High School*, 132 F.3d 542, 562 (10th Cir. 1997).

**A. Request to Remove Causes of Action**

Worldclear proposes limiting the scope of the complaint by eliminating Claims V-IX, which include conversion, fraud in the inducement, fraud, conspiracy to defraud, and accounting/constructive trust. Akirix does not oppose dismissing Claims V-IX. Therefore, the court grants Worldclear leave to eliminate these claims in furtherance of the "just, speedy, and inexpensive determination" of this proceeding. Fed. R. Civ. P. 1.

**B. Request to Address Factual Deficiencies**

Worldclear proposes amending the Complaint to address the deficiencies alleged by Akirix in its Motion to Dismiss for failure to state a claim. Akirix opposes Worldclear's amendment to Counts I-IV as "futile," *see Frank*, 3 F.3d at 1365, because even an amended complaint would allegedly "be subject to dismissal." *See Bauchman*, 132 F.3d at 562. Unlike in *Bauchman*, at this stage of pleading the appropriate dismissing motion is not a motion for summary judgment, but rather a motion to dismiss. When evaluating a 12(b)(6) motion to dismiss, this court accepts all well-pled facts as true and views them in the light most favorable to the plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). A claim is facially plausible if the plaintiff has pled "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*1. Breach of Fiduciary Duty*

Worldclear claims that Akirix breached its fiduciary duty. Akirix counters that it never acted as a fiduciary. Akirix further analogizes its relationship with Worldclear to banking and cites *First Sec. Bank of Utah v. Banberry Development Corp.*, 786 P.2d 1326, 1333 (Utah 1990), for the proposition that even a long-standing banking relationship does not create a fiduciary relationship. However, the *First Sec. Bank* court also recognized that "the cases [Defendant] cites in support of his view stand for narrow propositions, . . . [T]o determine whether a fiduciary duty should be implied in law due to the factual situations surrounding the transaction and the relationship of the parties, we consider the following principles." *Id.* at 1333-34. The court then

lists several principles to evaluate this relationship, including (1) peculiar confidence placed in one individual by another, (2) a duty to act primarily for the benefit of another, (3) a position to have and exercise influence over another, (4) a condition of superiority over the other, or (5) the property of one party being placed in charge of another. *Id.* at 1334.

To support its claim for breach of fiduciary duty, Worldclear alleges that Akirix held a certain amount of Worldclear's funds to facilitate transfers. Worldclear then asserts that Akirix breached this duty when it "cut off Worldclear's access to the Akirix system" and refused to return or account for the funds. This allegedly caused damages in the amount of $4,330,196.79. Taking Worldclear's well-pled claim as true, Akirix held more than four million dollars for Worldclear and has failed to account for that money. This court finds that these facts are sufficient to meet the pleading burden that Worldclear's property was placed in Akirix's charge, and that Akirix was in a position to have and exercise influence over Worldclear.

### *2. Breach of Contract*

Although Akirix contends that Worldclear's breach of contract claim cannot withstand dismissal, the very matter of which underlying contract applies is disputed. Worldclear asserts that the relevant contract is a document entitled Terms & Conditions; Akirix asserts that another document entitled Terms of Service Agreement applies. Worldclear disputes Akirix's ability to append a separate agreement, but Akirix relies on *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381 (10th Cir. 1997) to justify the inclusion of extrinsic evidence. The facts in *GFF Corp.* are clearly distinguishable from the present case. In *GFF Corp.* the plaintiff's complaint discussed the contents of a letter without attaching it or incorporating it by reference. *Id.* at 1383. When the defendant attached the letter, the plaintiff did not dispute its authenticity and in fact referred to and quoted it. *Id.* at 1385. In the case at hand, both Worldclear and Akirix discuss

separate documents and do not agree on an "indisputably authentic copy" of a document. The question of which agreement applies is dependent on facts the parties will need to develop in discovery. Accordingly, a motion to dismiss the breach of contract claim at this stage is inappropriate.

### *3. Breach of Contract – Settlement Agreement*

Worldclear alleges that Akirix agreed to hold Worldclear's funds in trust and would refund Worldclear's funds by a certain date. Worldclear further alleges that Akirix did not return those funds by the specified date, causing alleged damages of $4,330,196.79. Akirix's claim that it can retain over four million dollars as a deduction of "[a]ny charges owing or outstanding" without accounting for those charges is not supported by the language of the agreement. The ordinary meaning of deduct includes an accounting of how much the deduction was for and for what. Akirix further asserts that Worldclear waived its claims as part of the settlement agreement. However, the release provisions of the agreement do not preclude a claim for breach of that agreement. Taking Worldclear's well-pled facts as true, Worldclear's pleadings are sufficient to infer a breach of contract occurred. Accordingly, Worldclear's motion to amend is not futile.

### *4. Unjust Enrichment*

To support its Fourth Cause of Action for unjust enrichment, Worldclear claims that Akirix accepted and retained Worldclear's funds without providing anything in return for the benefit conferred. Should this court fail to find an adequate legal remedy, Worldclear has pleaded sufficient facts to establish an unjust enrichment claim. Akirix correctly notes that unjust enrichment is limited to cases "when no express contract is present." *TruGreen Companies, L.L.C. v. Mower Brothers, Inc.*, 199 P.3d 929 (Utah 2008). That is precisely why Worldclear is

seeking an equitable remedy in the event this court does not find an express contract. The Federal Rules of Civil Procedure expressly allow a party to "set out [two] or more statements of a claim or defense alternatively or hypothetically" and to "state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(2)-(3). Therefore, the court finds no basis for dismissing the unjust enrichment claim at this early stage of the litigation.

Since Worldclear's claims as amended would survive a motion to dismiss, amendment is not futile. Accordingly, the court grants Worldclear's request to amend the claims for breach of fiduciary duty, breach of contract for both the initial and closure agreements, and unjust enrichment. At this stage of the litigation, the court does not see a basis for dismissal of such claims. Worldclear shall file an Amended Complaint consistent with this court's rulings within ten days of this Order. Because the court grants Worldclear leave to amend Counts I-IV and eliminate Counts V-IX of the original complaint, Akirix's Motion to Dismiss the original complaint is moot.

## CONCLUSION

Based on the above reasoning, Worldclear's Motion to Amend is GRANTED and Akirix's Motion to Dismiss is MOOT as stated above. Plaintiff Worldclear shall file an Amended Complaint consistent with the court's ruling within ten days of the date of this Order.

DATED this 29th day of March, 2018.

BY THE COURT:

Dale A. Kimball,
United States District Judge