UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| WORLDCLEAR LIMITED,<br><br>      Plaintiff,<br><br>v.<br><br>AKIRIX, LLC,<br><br>      Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING WORLDCLEAR'S MOTION TO LIFT STAY (DOC. NO. 149)**<br><br>Case No. 1:17-cv-00155<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |
| AKIRIX, LLC,<br><br>      Counterclaim Plaintiff,<br><br>v.<br><br>WORLDCLEAR LIMITED; and DAVID HILLARY,<br><br>      Counterclaim Defendants. | |

Before the parties' relationship fell apart for disputed reasons, Defendant Akirix, LLC, provided financial transaction services to Plaintiff Worldclear Limited.[1] Worldclear filed this case nearly five years ago, in October 2017, seeking to recoup funds Akirix allegedly refuses to return to Worldclear.[2] Due to the COVID-19 pandemic, a late

---

[1] (*See* Second Am. Compl. ¶¶ 5–12, Doc. No. 100.)

[2] (*See* Compl., Doc. No. 2; Second Am. Compl. ¶¶ 13–21, Doc. No. 100.)

1

counterclaim filed by Akirix,[3] Worldclear's motion to dismiss that counterclaim,[4] cross-motions for summary judgment,[5] and a three-year stay that is still in effect,[6] this case has been delayed substantially.  Worldclear has now filed a motion to lift the stay.[7]  Because the stay is no longer justified, Worldclear's motion is granted.  The stay is lifted.

## BACKGROUND

In July 2021, District Judge Howard C. Nielson, Jr. granted Akirix's motion for partial summary judgment, and granted in part and denied in part Worldclear's motion for summary judgment.[8]  These rulings did not resolve the case—each party retained claims that survived summary judgment.[9]  Judge Nielson then stayed this case pending

---

[3] (*See* Answer, Affirmative Defs. and Countercl., Doc. No. 57.)

[4] (*See* Worldclear's Mot. to Dismiss Akirix's First, Second, Third, and Fourth Claims for Relief, Doc. No. 59.)

[5] (*See* Def.'s Mot. for Partial Summ. J., Doc. No. 109; Pl.'s Mot. for Summ. J., Doc. No. 113; Min. Order, Doc. No. 136 (granting Akirix's motion for partial summary judgment, and granting in part and denying in part Worldclear's motion for summary judgment).)

[6] (*See* Min. Order, Doc. No. 136.)

[7] (*See* Mot. to Lift Stay, Doc. No. 149 (incorporating Status Reports, Doc. Nos. 145 & 148); *see also* Status Rep., Doc. No. 145 (articulating the reasons Worldclear seeks to lift the stay); Status Rep., Doc. No. 148 (same).)

[8] (*See* Min. Order, Doc. No. 136; Def.'s Mot. for Partial Summ. J., Doc. No. 109; Pl.'s Mot. for Summ. J., Doc. No. 113.)

[9] (*See* Min. Order, Doc. No. 136.)

an appeal in a separate case in which Larry Lewis and Jack Lewis[10] are litigating over the ownership and control of Akirix ("the Lewis case").[11] The basis for the stay, which has now been in effect for more than three years, is as follows.

After the presiding judge in the Lewis case, District Judge Ted Stewart, denied Jack's motion to enforce an Akirix operating agreement (which purported to grant Jack ownership of Akirix), Jack filed an interlocutory appeal to the Tenth Circuit Court of Appeals.[12] In his appeal, Jack also challenged several other orders from the Lewis case, including an order declining to dissolve a state-court preliminary injunction prohibiting Larry or Jack from accessing Akirix's funds until ownership is established.[13]

Jack's interlocutory appeal in the Lewis case was still pending at the time Judge Nielson addressed Akirix's and Worldclear's cross-motions for summary judgment in this case.[14] Because Jack's appeal could have resulted in a ruling from the Tenth Circuit as to who owns Akirix, Judge Nielson declined to set a trial date on the parties' remaining claims in this case, instead ordering the parties to submit a status report after

---

[10] Because Larry Lewis and Jack Lewis share a last name (they are brothers), this order uses their first names, for clarity. Larry and Jack are not parties to the instant case.

[11] *See Li v. Lewis*, No. 1:20-cv-00012 (D. Utah filed Feb. 2, 2020).

[12] *See* Mot. to Enforce Akirix Operating Agreement, Doc. No. 99, *Li v. Lewis*, No. 1:20-cv-00012 (D. Utah June 5, 2020); Mem. Decision and Order Den. Mot. to Enforce Operating Agreement, Doc. No. 119, *Li v. Lewis*, No. 1:20-cv-00012 (D. Utah July 8, 2020); Notice of Appeal, Doc. No. 157, *Li v. Lewis*, No. 1:20-cv-00012 (D. Utah Aug. 25, 2020).

[13] (*See* Notice of Rulings in Other Akirix LLC Litig. 2 n.1, Doc. No. 137.)

[14] (*See* Min. Order, Doc. No. 136.)

3

the resolution of Jack's appeal.[15]  This effectively stayed the case pending resolution of Jack's appeal.  At the time Judge Nielson issued that order, Worldclear did not oppose staying this case until Jack's appeal was resolved.[16]

In October 2021, the Tenth Circuit ruled on Jack's appeal, affirming Judge Stewart's order declining to modify the state court injunction, and dismissing the remainder of the appeal (including the ownership issue) for lack of pendent jurisdiction.[17]  Because of this, the Tenth Circuit did not address the ownership of Akirix.[18]  In December 2021, Akirix filed a status report in this case explaining the Tenth Circuit's ruling, and requesting the case remain stayed because the parties still lacked "definitive rulings as to ownership and control of Akirix."[19]  Worldclear did not file an opposition or response.  Since then, this case has remained stayed.  The Lewis case is still pending, but Jack's claims regarding ownership of Akirix have all been dismissed,

---

[15] (*See id.* (ordering the parties to file a joint status report within thirty days of the Tenth Circuit's ruling on Jack's appeal).)

[16] At the hearing, Worldclear did not object when Akirix's counsel explained Akirix wanted to wait to continue with the case until Jack's appeal in the Lewis case was resolved.

[17] *See Li v. Lewis*, No. 20-4089, 2021 U.S. App. LEXIS 29993, at *14–16 (10th Cir. Oct. 6, 2021) (unpublished).

[18] *See id.* at *12–13.

[19] (Notice of Rulings in Other Akirix LLC Litig. 3, Doc. No. 137.)

and the only remaining issue in that case relates to Larry's personal tax liability to the United States Internal Revenue Service.[20]

Worldclear has now filed a motion to lift the stay, arguing this case need not wait on the ultimate resolution of the Lewis case.[21] Akirix opposes Worldclear's motion, arguing the parties cannot proceed without clarity regarding Akirix's ownership, which will not be established until final judgment is entered in the Lewis case.[22] Because Jack's appeal regarding ownership was resolved on jurisdictional grounds and Akirix has failed to show its ongoing ownership issues justify a continued stay in this case, Worldclear's motion is granted and the stay is lifted.

## LEGAL STANDARDS

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket."[23] This discretion extends to the determination of

---

[20] *See* Mem. Decision and Order Granting Mots. to Dismiss, Doc. No. 208, *Li v. Lewis*, No. 1:20-cv-00012 (D. Utah Dec. 7, 2021); (*see also* Opp'n to Mot. to Lift Stay ("Opp'n") 2, Doc. No. 150 (noting Jack's claims in the Lewis case have all been dismissed).) The IRS was brought into the Lewis case through interpleader because the IRS claimed a tax lien on Larry's property, which may include Akirix. *See* Am Compl. ¶¶ 121–42, Doc No. 5-16, *Li v. Lewis*, No. 1:20-cv-00012 (D. Utah Feb. 5, 2020).

[21] (Mot. to Lift Stay, Doc. No. 149 (incorporating Status Reports, Doc. Nos. 145 & 148); *see also* Status Rep., Doc. No. 145 (explaining why Worldclear seeks to lift the stay); Status Rep., Doc. No. 148 (same).)

[22] (Opp'n, Doc. No. 150.)

[23] *Clinton v. Jones*, 520 U.S. 681, 706 (1997)

whether to lift an existing stay.[24]  Deciding whether a stay is warranted "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[25]  The party seeking to stay the case "must show a clear case of hardship or inequity if even a fair possibility exists that the stay would damage another party."[26]

## ANALYSIS

As noted above, although Worldclear initially acquiesced to a stay of this case pending Jack's appeal, Worldclear now seeks to lift the stay, arguing it should not be required to wait to seek relief until the Lewis case is resolved.[27]  For its part, Akirix seeks to keep the stay in place, arguing this case cannot proceed without clarity as to Akirix's ownership.[28]  For the reasons explained below, a stay is no longer warranted, and Worldclear's motion is granted.

Worldclear proffers several reasons why this case should no longer wait on the Lewis case.  First, the outcome of the Lewis case is immaterial to this case, because

---

[24] *See Asarco, LLC v. Noranda Mining, Inc.*, No. 2:12-cv-00527, 2022 U.S. Dist. LEXIS 213058, at *9 (D. Utah Nov. 22, 2022) (unpublished) ("When determining whether to lift an existing stay, courts typically apply the same standard that applies to determine whether to impose a stay in the first place."); *see also Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016) ("A court may lift a stay if the circumstances supporting the stay have changed such that the stay is no longer appropriate.").

[25] *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

[26] *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (internal quotation marks omitted).

[27] (*See generally* Mot. to Lift Stay, Doc. No. 149.)

[28] (*See generally* Opp'n, Doc. No. 150.)

Worldclear's claims against Akirix are not impacted by who owns Akirix.[29]  Second, even if Akirix's ownership mattered, Jack's ownership claims in the Lewis case have been resolved, so it is unclear how any ownership issue remains—Larry is "the last man standing."[30]  Third, because Akirix is currently operating, it must have corporate leadership who can direct litigation on Akirix's behalf.[31]  Fourth, the settlement in the Lewis case relates to Larry's *personal* tax liability, not the funds Akirix owes Worldclear.[32]  Fifth, despite relying on the Lewis settlement to justify continuing the stay, Akirix has not provided any details about the settlement proposal.[33]  And to the extent the proposal is to "use Akirix assets to pay [Larry's] personal tax debts," that would prejudice Worldclear in its efforts to obtain relief in this case, which was filed first.[34]

     Akirix responds that this case should remain stayed until the Lewis case is resolved because "it will be difficult to proceed with clarity and certainty in this case" until Akirix's ownership is determined through a final judgment in the Lewis case.[35]  For example, Akirix argues the parties and the court cannot proceed without knowing who

---

[29] (Status Rep. 2–3, Doc. No. 145.)

[30] (Reply in Supp. of Mot. to Lift Stay 2, Doc. No. 151.)

[31] (*See id.* at 3.)

[32] (*Id.* at 2.)

[33] (*Id.* at 3.)

[34] (*Id.* at 3; Status Rep. 2–3, Doc. No. 145.)

[35] (Opp'n 2. Doc. No. 150.)

can direct the litigation on Akirix's behalf or designate Akirix's Rule 30(b)(6) deponent.[36] Akirix also represents that a settlement has been reached in the Lewis case, and the parties are just waiting for the United States Department of Justice to approve the settlement.[37]

There is no reason to continue the years-long stay of this case. The parties initially agreed to stay this case during a hearing in July 2021, while under the impression that the Tenth Circuit would either affirm or reverse Judge Stewart's holding regarding ownership of Akirix. But instead of addressing the issue, the Tenth Circuit dismissed that portion of Jack's appeal on jurisdictional grounds. While it may have been sensible to stay the case pending Jack's appeal, this justification is no longer valid; the Tenth Circuit declined to address the ownership issue nearly three years ago.

Additionally, Akirix has not shown the ownership issue justifies a continued stay of this case. As Worldclear points out, where the Tenth Circuit did not address Judge Stewart's dismissal of Jack's ownership arguments, the issue is currently settled in the Lewis case. Although the parties may appeal the final judgment, the fact that Judge Stewart has addressed the issue in the Lewis case undermines Akirix's argument that it lacks clarity regarding who may direct litigation on behalf of Akirix. Relatedly, despite

---

[36] (*Id.*); *see also* Fed. R. Civ. P. 30(b)(6) (providing if a party seeks to depose an organization, the organization must designate a person to testify on its behalf).

[37] (Opp'n 2–3, Doc. No. 150.) Acknowledging that the Lewis settlement conference occurred nearly two years ago, Akirix "[c]andidly" admits it "did not contemplate that the wheels of the government's approval process would turn as slowly as they have been turning." (*Id.* at 2.)

the ongoing litigation over its ownership, Akirix has continued to assert substantive arguments in this case, including opposing Worldclear's motion. This indicates someone is directing the litigation on behalf of Akirix.

Finally, where Worldclear filed this case before the Lewis case began, as a matter of equity, Akirix's litigation over its own leadership cannot justify a continued stay.[38] Requiring third-party litigants to wait for resolution of companies' ownership disputes may incentivize those companies to prolong ownership disputes, so as to delay any third party lawsuits.[39] And in this case, continued delay could be problematic—if the settlement between Larry and the IRS involves Akirix's assets.[40]

In sum, a continued stay of this case is unjustified. What was originally intended as a short, undisputed stay based on a pending appeal has become a years-long,

---

[38] (*See* Compl., Doc. No. 2 (filed October 4, 2017)); Compl., *Li v. Lewis*, No. 190905393 (Utah 2d Dist. Ct. Weber Cnty. filed Sept. 6, 2019). The Lewis case was removed to federal court on February 3, 2020. *See* Notice of Removal, Doc. No. 2, *Li v. Lewis*, No. 1:20-cv-00012 (D. Utah Feb. 3, 2020).

[39] Notably, the settlement between Larry and the IRS has already extended over more than two years. (*See* Opp'n 2–3, Doc. No. 150 (stating counsel for Larry, Akirix, and the DOJ "outlined" settlement terms in September 2022, and "documentation to effectuate the settlement is pending for final approval by the DOJ").) Akirix blames this delay on the DOJ, which has been "assessing, reviewing, and approving the tentative settlement terms" since November 2022. (Status Rep. Re Other Akirix Litig. 2, Doc. No. 142 (filed November 16, 2022).) Regardless of the cause of the extensive delay, it does not make sense to indefinitely stay this case until the Lewis case is finally resolved. This case was filed first, settlement of the Lewis case has taken years, Jack may still appeal the final judgment, and most importantly, Akirix has not shown that resolution of its ownership would even affect this case.

[40] (*See* Opp'n 2, Doc. No. 150 (noting counsel for Akirix was present at the settlement conference in the Lewis case).)

contested stay based on an indefinite ending to a suit which may not even affect this case.

## CONCLUSION

Because there is no reason to continue the once-undisputed stay of this case, Worldclear's motion to lift the stay[41] is granted. The stay is lifted. Within fourteen days, the parties shall file a request for a scheduling conference with the district judge, for the purpose of setting a trial date.

DATED this 25th day of September, 2024.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[41] (Doc. No. 149.)