J. Andrew Fine (*Pro Hac Vice*)
FINECOUNSEL
115 E. Main Street
Durham, North Carolina
27701 Telephone: (919)
296-4251 Email:
jaf@finecounsel.law

Mitchell A. Stephens (11775)
JAMES DODGE RUSSELL & STEPHENS, P.C.
10 West Broadway,
Suite 400 Salt Lake
City, Utah 84101
Telephone:
801.363.6363  Email:
mstephens@jdrslaw.com

*Attorneys for Worldclear Limited*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WORLDCLEAR LIMITED,<br>　　　　Plaintiff,<br>v.<br><br>AKIRIX, LLC,<br>　　　　Defendant.<br>―――――――――<br>AKIRIX, LLC<br>　　　　Counterclaim Plaintiff,<br>v.<br><br>WORLDCLEAR LIMITED and DAVID HILLARY,<br>　　　　Counterclaim Defendant. | **MOTION FOR DEFAULT JUDGMENT**<br><br>Civil No. 1:17-cv-00155-HCN-DAO<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Pursuant to Fed. R. Civ. P. 55(b)(2) and (d), Plaintiff, Worldclear Limited ("Worldclear"), moves for entry of default judgment on the claims asserted by Worldclear in its

1

Second Amended Complaint ("Complaint") as to Defendant, Akirix LLC (Akirix). As grounds for this motion, Worldclear states that Defendant has shown an inability to participate in this matter with their Notice of Dissolution and Defunct Status of Akirix, L.L.C. ("Notice of Dissolution").[*See* Notice of Dissolution (Dkt. 168)]. Accordingly, Worldclear is entitled to default judgment on its claims against Akirix in the amount of $1,330,221.79, and in support thereof says:

1. Plaintiff filed its Second Amended complaint against the Defendant on March 24, 2020.

2. Defendant filed its Notice of Dissolution on July 17, 2025, stating that it has "no ability to appear at a trial, and is unable [to] prosecute or defend any claim in this case."

3. Defendant further represented at Status Conference on August 7, 2025 that it did not intend to defend against Worldclear's claims at trial.

4. The Court noted at that time that Defendant's announcement that it did not intend to defend or participate in trial constituted abandonment of all claims and defenses, and that entry of a final default judgment was an appropriate remedy.

5. Under Rule 55(b) and the facts herein, the Court may find Defendant has defaulted and Worldclear is entitled to Judgment against Defendant in the amount consistent with the relief sought in the Second Amended Complaint.

## CLAIMS AND MATERIAL FACTS

6. Worldclear has alleged several causes of action against Defendant in the case at bar. Specifically, Worldclear has alleged:

**Count I: Breach of Fiduciary Duty**

    a. Akirix acted as Worldclear's escrow agent, and because it agreed to hold Worldclear's funds "in trust," Akirix owed Worldclear a fiduciary duty as an escrow agent and a trustee. [*See* Complaint (Dkt. 34) at ¶ 25]

    b. Prior to the execution of the Closure Agreement, Akirix breached its fiduciary duty to Worldclear by failing to properly notify and account for $1,330,221.79 in funds it held as an escrow agent on Worldclear's behalf. [(*Id*. at ¶ 29].

    c. Following execution of the Closure Agreement, Akirix breached its duty to Worldclear by failing to keep or provide adequate records relating to the funds in the trust account, or by failing to account for expenses and transactions when Worldclear raised questions relating to that account. [*Id*. at ¶ 30].

    d. Akirix's breaches of their fiduciary duties caused proximate and actual harm to Plaintiff resulting in damages.

    e. As a result Akirix's breaches of their fiduciary duties, Worldclear was damaged in an amount of at least $1,330,221.79

**II: Breach of Contract (Initial Agreement)**

    a. Worldclear and Akirix entered into a valid and legally enforceable agreement ("Initial Agreement") under which Akirix agreed to provide transaction payment services for Worldclear. [*Id.* at ¶ 34].

    b. Worldclear fully performed its obligations by paying (and permitting deduction of) all legitimate, contract-authorized fees from the funds Akirix held for Worldclear's benefit. The amounts sought in this action are limited to fees and debits that Akirix double-charged or charged without any contractual or legal basis.

    c. Akirix breached its agreement with Worldclear by failing to explain charges, failing to reconcile incorrect wire transfers, failing to account for wire transfers that were returned, failing to refund returned funds to Worldclear, and by otherwise misappropriating funds belonging to Worldclear. [*Id.* at ¶ 39].

    d. As an actual and proximate result of Akirix's actions, Worldclear was damaged in an amount of at least $1,330,221.79.

### III: Breach of Contract (Closure Agreement)

    a. The parties entered into a closure agreement which deemed Worldclear's accounts closed as of the date of signing (October 3, 2017), and requires any charges owed to Akirix to be deducted upon account closure. Funds that were not remitted to Worldclear were to be held by Akirix in trust for WorldClear's benefit. [*Id.* at ¶ 43-45].

    b. Worldclear satisfied its obligations under the Closure Agreement, including permitting deduction of any legitimate closing charges from its account balances. The amounts claimed here are those Akirix retained or deducted without contractual authority (including duplicate and unauthorized debits) and funds it failed to account for or refund as required.

    c. Akirix violated this agreement by not holding Worldclear's funds in trust, by not refunding Worldclear's funds as promised, and by otherwise failing to account for Worldclear's funds properly. [*Id.*].

    d. As an actual and proximate result of Akirix's actions, Worldclear was damaged in an amount of at least $1,330,221.79.

**IV: Unjust Enrichment**

a) Akirix has retained funds belonging to Worldclear without justification, and has accepted the benefit of Worldclear's deposit of, and Akirix's retention of, those funds. [*Id.* at ¶ 49].

b) Akirix knew of, and voluntarily accepted, this benefit. Under the circumstances, it would be inequitable for Akirix to receive and retain the benefit of Worldclear's funds in return for nothing. [Id. at ¶ 50-52].

c) As an actual and proximate result of Akirix's actions, Worldclear was damaged in an amount of at least $1,330,221.79.

WHEREFORE, Worldclear prays this Court for judgment of default against Defendant, and grant Plaintiff relief for $1,330,221.79, plus interest (at the 10% Utah statutory rate) from September 2016 in the amount of $1,187,927.96.

Dated October 1st, 2025

FINE COUNSEL

/s/   J. Andrew Fine
J. Andrew Fine

JAMES DODGE RUSSELL & STEPHENS, P.C.

/s/   Mitchell A. Stephens
Mitchell A. Stephens

*Attorneys for Worldclear Limited*